LIKENS *v.* MILLINER.

ERROR to the *Hancock* Circuit Court.

PERKINS, J.—*John Milliner* sued *Leonard Likens* before a justice of the peace on the following cause of action:

"*Leonard Likens* to *John Milliner,* Dr.   To work and labor from the 12th day of *March,* 1849, to the 7th day of *June,* 1849, three months, at 10 dollars per month, $30.00."

The cause went by appeal to the Circuit Court.   In that Court the cause was tried by a jury upon the general issue, and the plaintiff recovered 27 dollars and 30 cents.   A motion for a new trial was overruled.

The plaintiff proved the time he worked for the defendant and the value of his labor.   The defendant, to defeat a recovery by the plaintiff, then undertook to prove that the work performed by the plaintiff, *Milliner,* was done under a special contract for one year's service, and that said *Milliner* left his, defendant *Likens's,* employment, without cause, before said year expired.   The evidence upon these points was substantially as follows:

*Abel Likens,* a son of the defendant, testified that the contract between his father and *Milliner* was, that *Milliner* was to work a year at 10 dollars per month, if the two could agree together in two or three weeks' trial.

*Leonard E. Likens,* another son of defendant, stated that *Milliner* was to work a year, if said *Milliner* and his (witness's) father could agree for one week.

*William A. Franklin* heard *Likens* tell *Milliner,* after he left, that if he did not come back and work his year out,

as he had agreed, he would not pay him for what he had done. *Milliner* replied that he would not work for any man that would "jaw him," and that he would sue *Likens* for the time he had worked for him.

*Offutt* stated that he heard the parties in conversation the *Saturday* before *Milliner* commenced working for *Likens*, when the latter said he wanted a hand to work a year; and the former replied that he would work a year, if they could agree.

Miss *Milton* lived at *Likens's*. *Likens* used frequently to scold and complain of *Milliner* about small matters.

*Kauble* talked with *Likens* a week after *Milliner* had commenced working for him. *Likens* said *Milliner* was working on trial; was to work a year if they could agree; there was some time fixed, he thinks, for the trial; don't know how long.

On this evidence the Court instructed the jury as follows:

"The sole question for the jury to try is this, viz.: was the plaintiff hired by the defendant for a year, or was the hiring on trial, or by the month as long as the parties could agree?

"If the hiring was by the month for as long as the parties could agree, the plaintiff is entitled to recover for every full month he served. If the hiring was for a year, there is nothing in the evidence to exonerate the plaintiff from a full performance of a year's work, and, consequently, he cannot recover.

"If the work was commenced on trial, the trial completed, and work for a year understood by the parties to be commenced, then it is a case of hiring by the year; but not so if the trial was not completed."

The jury, as we have said, found for the plaintiff, and the Court, hearing the trial, refused to set aside the verdict.

The instructions were certainly as favorable to the defendant below as the law would justify, perhaps more so, though as to this we need express no opinion. The jury, over such instructions, found for the plaintiff, and

the Court who heard the case, and could judge better than we can of the credit to be given to the several witnesses, refused to disturb the verdict.

We think this Court would not be justified in pronouncing that refusal erroneous.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*T. D. Walpole* and *R. L. Walpole,* for the plaintiff.

*R. A. Riley,* for the defendant.